**Micah D. Fargey** (OSB No. 096814)
micah@fargeylaw.com
FARGEY LAW PC
7307 SW Beveland Street, Suite 200
Portland, Oregon 97223
Telephone: (503) 946-9426
Facsimile: (503) 342-8332

Attorneys for Plaintiff
**Jonathan Nelson**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JONATHAN NELSON**, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>**UNITED STATES POSTAL SERVICE**, a federally sponsored mail delivery service, **KENNY YANG**, an individual, **MICHAEL ENGLEBRECHT**, an individual,<br><br>    Defendants. | Case No. 3:20-cv-00365<br><br>COMPLAINT for<br><br>1. Disability Discrimination (42 U.S.C. § 12112 and ORS 659A.112),<br><br>2. Discrimination on the Basis of Military Service (38 U.S.C. § 4311),<br><br>3. Discrimination on the Basis of Age (29 U.S.C. § 623)<br><br>4. Whistleblower Retaliation (ORS 659A.199), and<br><br>5. Unpaid Wages.<br><br>DEMAND FOR JURY TRIAL |

1 – COMPLAINT

Plaintiff Jonathan Nelson ("Plaintiff"), for his complaint against defendants United States Postal Service (the "USPS") and Kenny Yang ("Yang") respectfully alleges as follows:

## I.  JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 39 U.S.C. § 409 (jurisdiction over the USPS), and supplemental jurisdiction over Plaintiff's state law claims and individual defendant(s) under 28 U.S.C. § 1367.

2. Venue is proper in Oregon's federal court in this division, pursuant to 28 U.S.C. § 1391 (b)(1) and (2), because the events giving rise to Plaintiff's claims arose within this district, and because the defendants reside in this district for purposes of venue and jurisdiction.

## II.  THE PARTIES

3. Plaintiff is a citizen of the state of Oregon and resides in Clackamas County, Oregon.  At all times material to this action, Plaintiff lived and worked in the state of Oregon.

4. Defendant United States Postal Service (the "USPS") is a an independent agency of the executive branch of the United States federal government responsible for providing postal service in the United States, with its origins preceding the United States' Declaration of Independence.

5. Yang is an individual residing, on information and belief, in Clackamas County, Oregon.  At all material times, Yang was an employee, agent, and officer of the USPS.  Yang aided, abetted, and/or incited the unlawful discrimination and retaliation against Plaintiff alleged herein.

6. The USPS is responsible for its officers, employees, and agents acting within the scope of their employment and duties.

7. The USPS and Yang are referenced collectively in this complaint as "Defendants" or "the defendants." Yang may be referenced herein as the "individual defendant."

## III. FACTUAL ALLEGATIONS

### A. Plaintiff's Employment Background with the USPS

8. Plaintiff is a long-time employee of the USPS, having dutifully served since 1993. Plaintiff's long tenure at the USPS began following his faithful and honorable service in the U.S. Coast Guard, where he was stationed on the Oregon coast. He is currently working at the Oregon City post office following a long, acclaimed assignment at the Portland processing and distribution facility.

9. At the USPS, Plaintiff worked at various times as a mail handler, as a mail processing equipment mechanic (helping to make the mail flow through without interruption), and, for the past two-plus years, as a Custodial-Laborer performing custodial and other services in Oregon City. He has stepped far beyond his custodial role and utilized some of his institutional experience to significantly improve the condition of the Oregon City facility, which had a high turnover rate for custodians prior to his arrival.

10. Plaintiff's performance history at the USPS has been exemplary, and he has earned the accolade and respect of his co-workers and supervisors throughout the years. He also serves as the shop steward for the American Postal Workers Union ("APWU") and has vigorously advocated for the rights of his co-workers countless times. He also serves as a member and is active on the safety committee.

### B. Plaintiff's Disability

11. Through his service with the Coast Guard, Plaintiff was afflicted with several disabilities that have impacted his work at the USPS. He has been diagnosed a major depressive

disorder and post-traumatic stress disorder ("PTSD") from his time in military service. He also has physical limitations to one of his wrists, feet, and legs. At all times material to this complained, he has been classified as 70 percent disabled by the Veterans Benefits Administration.

### C. Plaintiff Begins Experiencing Retaliation and Harassment

12. Despite his loyal service to the USPS and the people it serves, Plaintiff has been the victim of a toxic work environment at the USPS. The primary culprit responsible for the hostility at the Oregon City facility is Yang, who became the Oregon City postmaster on or about October 27, 2018.

13. Yang has made his disdain for veterans like Plaintiff clear. Yang and Michael Englebrecht (a supervisor) have specifically told Plaintiff's co-workers that he (Yang) intends to drive out – "get rid of" – the military veterans serving at the USPS.

14. The USPS provides a hiring preference for job applicants with a military background and tracks how many veterans are hired. The tracking of new hires is a measurement of success for postmasters, but the number of veterans active at a given time is not. This creates a perverse incentive for unscrupulous postmasters like Yang to terminate or constructively discharge existing veterans in favor of hiring younger veterans – at a lesser wage – to boost this metric.

15. Yang immediately began this pattern with Plaintiff. Promptly after he arrived at the Oregon City post office, Yang began targeting Plaintiff. He commanded Plaintiff to clear out his personal items from the storage room, where he had stored a few personal effects along with custodial supplies. Plaintiff had been using this private space as an accommodation for his disability – space to rest when his physical or mental disabilities become painful or

overwhelming during the workday. Plaintiff attempted to explain its importance to Yang, but Yang said he did not care and did not relent.

16. This impacted Plaintiff tremendously. He lost his safe haven, and work became intolerable. His PTSD and psychological impediments manifested and impacted his ability to work. This impacted his job performance, which in turn increased harassment by Yang, creating a compounding, looping effect.

### D. Yang's Campaign of Retaliation Escalates and Leads to Significant Wage Loss

17. Yang also began retaliating against Plaintiff by withholding wages to which he was entitled.

18. Because of the poor assignment of tasks, Plaintiff began accumulating massive amounts of overtime and "Line-H" hours. "Line-H" refers to a line-item of hours USPS custodians are supposed to devote to custodial workers' normal duties. This is used to ensure that each branch is being properly staffed; hours custodians work on tasks outside of Line-H can entitle the custodian to significant extra compensation and can penalize a supervisor.

19. Yang continued to work Plaintiff harder and harder, compelling even more overtime and Line-H work. When he couldn't take it any more, and on the advice of his physician, Plaintiff specifically requested an accommodation in the form of a normal 40-hour work week. Yang provided no response.

20. Yang further exacerbated the situation by denying Plaintiff compensation to which he is owed. Without basis, he disputed the number of Line-H hours Plaintiff worked and has refused to pay him for over $39,000 in overtime wages.

21. Plaintiff suffered even more retaliation at Yang's hands in the form of a "letter of warning" over Plaintiff's purported performance concerns, as well as attendance (for supposedly

being 2 minutes late), which is a stark and telling departure from his 26 years of diligent USPS service. Yang has banned Plaintiff's use of his cell phone (though others frequently use theirs) and subjected him to frequent yelling. Yang has even been employing spies to try to find or create some impression of wrongdoing on Plaintiff's part.

22. Plaintiff has sought help through his union (by way of grievances) and through an EEO complaint, but nothing changed. Since the union activity and EEO complaint began, Yang ironically and absurdly claimed that he is the victim of retaliation by Plaintiff.

23. These events have caused PTSD-related flashbacks to Plaintiff's trauma during his military service. He has experienced ongoing anxiety, depression, physical manifestations of those conditions (heart palpitations, headaches, etc.), and continued pain in his leg, foot, and wrist.

24. Plaintiff had never before experienced anything like Yang's harassing and bullying behavior in his service at the USPS. All younger, non-disabled, and non-military employees are treated fairly and far, far better than Plaintiff, despite numerous instances of co-workers engaging in behavior that would have warranted discipline – for example by showing up late or not at all to work, or using cell phones while on duty.

25. Yang's underling, supervisor Michael Englebrecht, has also supported, aided, and abetted Yang's retaliatory and discriminatory campaign. Neither have engaged in any efforts at the interactive process to determine whether a reasonable accommodation exists to help Plaintiff succeed.

## IV. DAMAGES

26. Because of the defendants' actions, Plaintiff has suffered irreparable harm, including economic damages from lost wages (past and future), and lost earning capacity, as well

as noneconomic damages arising from emotional distress, loss of enjoyment of life, and damage to his personal and professional reputation in an amount to be proved at trial under 29 U.S.C. § 216 and ORS 659A.885 as alleged herein.

27. Because of the defendants' actions, Plaintiff has been forced to incur attorney fees and costs for which he is entitled reimbursement pursuant to 29 U.S.C. § 216, ORS 20.107, and ORS 659A.885.

28. Defendants' acts described herein were an intentional disregard of the rights of Plaintiff, in reckless disregard of Defendants' societal obligations, and were committed with conscious indifference to the health, safety, and welfare of Plaintiff.  Defendants should be assessed punitive damages in such amount as may be found appropriate by a jury based on evidence presented at trial to punish them and to deter Defendants and others from similar conduct in the future.

## V.   CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**

**Discrimination Under 42 U.S.C. § 12112 and ORS 659A.112**

**(Against All Defendants)**

29. Plaintiff incorporates the allegations of paragraphs 1 through 28 as though fully set forth herein.

30. As alleged above, Plaintiff applied for accommodations on numerous occasions, and Defendants had notice that he required such accommodations.

31. Plaintiff was qualified for the accommodations he sought.

32. Defendants failed to accommodate Plaintiff, which constitutes discrimination under 42 U.S.C. § 12112 and ORS 659A.112.

33. Plaintiff is entitled to lost wages and benefits of employment and other monetary losses, and will continue to suffer lost wages and benefits in an amount to be determined by a jury.

34. Plaintiff has suffered emotional distress, mental pain and anguish, embarrassment, loss of dignity and self-esteem, humiliation, and loss of enjoyment of life for which Plaintiff should recover such amount as may be found appropriate by a jury.

35. Plaintiff is entitled to reasonable attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### Discrimination on the Basis of Military Service (38 U.S.C. § 4311)

### (Against USPS)

36. Plaintiff incorporates the allegations of paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a military veteran.

38. USPS discriminated against Plaintiff by creating a hostile work environment and refusing to pay him wages to which he was entitled.

39. Plaintiff is entitled to lost wages and benefits of employment and other monetary losses, and will continue to suffer lost wages and benefits in an amount to be determined by a jury.

40. Plaintiff has suffered emotional distress, mental pain and anguish, embarrassment, loss of dignity and self-esteem, humiliation, and loss of enjoyment of life for which Plaintiff should recover such amount as may be found appropriate by a jury.

41. Plaintiff is entitled to reasonable attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

**Discrimination on the Basis of Age Under (29 U.S.C. § 623)**

**(Against USPS)**

42.     Plaintiff incorporates the allegations of paragraphs 1 through 41 as though fully set forth herein.

43.     Plaintiff is over the age of 40.

44.     USPS discriminated against Plaintiff by creating a hostile work environment and refusing to pay him wages to which he was entitled.

45.     Plaintiff is entitled to lost wages and benefits of employment and other monetary losses, and will continue to suffer lost wages and benefits in an amount to be determined by a jury.

46.     Plaintiff has suffered emotional distress, mental pain and anguish, embarrassment, loss of dignity and self-esteem, humiliation, and loss of enjoyment of life for which Plaintiff should recover such amount as may be found appropriate by a jury.

47.     Plaintiff is entitled to reasonable attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

**Discrimination Under ORS 659A.199 for Whistleblower Retaliation**

**(Against All Defendants)**

48.     Plaintiff incorporates the allegations of paragraphs 1 through 47 as though fully set forth herein.

49.     A Plaintiff reported conduct that he believed evidenced a violation of law and/or, at a minimum, mismanagement, gross waste of funds, and/or abuse of authority.  Defendants retaliated against Plaintiff by taking adverse employment actions against him, including the

tolerance and encouragement of a hostile work environment and refusing to pay him all wages to which he was entitled.

50. Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to ORS 659A.885.

## FIFTH CLAIM FOR RELIEF

### Unpaid Wages

### (Against All Defendants)

51. Plaintiff incorporates the allegations of paragraphs 1 through 50 as though fully set forth herein.

52. Defendants failed to pay Plaintiff a total of approximately $39,000 in wages.

53. Accordingly, as a result of Defendants' acts and omissions, Plaintiff has been damaged in an amount to be determined at trial, currently estimated to be $39,000.

54. Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to ORS 659A.885.

## V. DEMAND FOR JURY TRIAL

55. Plaintiff demands a trial by jury to the extent authorized by law.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Awarding economic damages for his lost earning capacity and future earnings and benefits in amounts as awarded by a jury;

2. Awarding noneconomic damages in amounts as awarded by a jury;

3. Awarding Plaintiff his costs and disbursements, including reasonable attorney fees, costs, and expert witness fees pursuant to 29 U.S.C. § 216, and pursuant to ORS 20.107 and ORS 659A.885 for Plaintiff's state law claims; and

    4.    Any other relief the Court deems just and equitable.

Respectfully submitted this 11th day of February, 2020.

                                                            */s/ Micah D. Fargey*

                                                            **Micah D. Fargey** (OSB No. 096814)
                                                            micah@fargeylaw.com
                                                            FARGEY LAW PC
                                                            7307 SW Beveland St., Ste. 200
                                                            Portland, Oregon 97223
                                                            Telephone: (503) 946-9426
                                                            Facsimile: (503) 342-8332

                                                            Attorneys for Plaintiff
                                                            **Jonathan Nelson**